UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KE DIAN WANG,

             Petitioner,

    v.

KRISTI NOEM, *et al.*,

             Respondents.

No. 1:25-cv-18053 (CPO)

**ORDER**

    **THIS MATTER** comes before the Court by way of its prior Order directing Respondents to file an expedited answer, (ECF No. 13), and to "serve with the answer certified copies of all documents necessary to resolve Petitioner's claim(s) and affirmative defenses." (*Id.*) Respondents failed to submit such documents, or even an affidavit to support their claims that Petitioner's detention is lawful because, in part, "ICE is acquiring a travel document on [Petitioner's] behalf and [Petitioner's] removal is now imminent." (Notice of Revocation of Release, ECF No. 18-13). Thus, the Court entered an Order directing Respondents to provide such information and related documents. (ECF No. 21).

    Respondents again failed to comply, now stating they "cannot meet the Court's deadline owing to the time required to collect and review records from different ICE offices" and they are "constrained to rely on the existing record, which they will supplement *if* ICE is able to collect the pertinent records before the Court resolves the Petition." (ECF No. 24) (emphasis added).[1]

---

[1] Respondents submitted fourteen exhibits totaling forty-one pages with their Response. However, Respondents cannot selectively choose to submit only those documents they deem relevant, while simultaneously asserting an inability to provide the Court with additional documents that are clearly pertinent to the legal issues presented. Respondents' conduct in doing so raises concerning questions regarding the motive behind and thus, legitimacy of the sudden re-detention of Petitioner in the first place.

But compliance with orders of a United States District Court is not optional. And Respondents do not dictate the time for filings, particularly in matters where an individual, like Petitioner, has been suddenly re-detained and awaits this Court's decision on his Petition.

Accordingly, **IT IS,** on this **9th day of December 2025**,

**ORDERED** the Court will hold an in-person hearing on **December 10, 2025 at 2:00pm** at which time all counsel of record shall appear and Respondents shall produce the Petitioner; and it is further

**ORDERED** that because the Court finds that upon the current record Petitioner's continued detention appears to exceed the constitutional limits set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001), Respondents shall produce a representative with relevant knowledge who shall be prepared to present testimony related to Petitioner's re-detention including but not limited to the following:

(1) the exact number of days Petitioner has been detained, including any prior periods of detention;

(2) all facts and documents to support their position that Petitioner's removal is "imminent";

(3) any and all efforts made to effectuate Petitioner's removal since the date of the Order of Removal in 2002, and the results thereof;

(4) any and all efforts made to effectuate Petitioner's removal since his re-detention on November 23, 2025, and the results thereof.

Given that Petitioner has been detained since November 23, 2025, **no requests for adjournments or extensions will be accepted**.

*Christine A. O'Hearn* (signature)
**CHRISTINE P. O'HEARN**
**United States District Judge**