UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KE DIAN WANG,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>KRISTI NOEM, *et al.*,<br><br>　　　　　Respondents. | No. 25-cv-18053<br>**ORDER** |

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court by way of Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). The Court has reviewed the parties' submissions, and for the reasons set forth on the record December 10, 2025,

**IT IS**, on this 10th day of December, 2025,

**ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, is **GRANTED** pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).[1] Petitioner's remaining claims are **DISMISSED AS MOOT**; and it is further

**ORDERED** that Petitioner shall be **IMMEDIATELY** released under the same conditions that were in effect immediately prior to his recent detention; and it is further

---

[1] In their most recent letter, Respondents allege that Petitioner did not assert a claim under *Zadvydas*. (ECF No. 28 at 1). However, Count I of the Petition asserts Fifth Amendment substantive due process claims and explicitly cites *Zadvydas*. (ECF No. 1 at 10). While "[h]abeas corpus petitions must meet heightened pleading standards," *McFarland v. Scott*, 512 U.S. 849, 856 (1994), a petition need only "state sufficient detail to point the court [and the respondents] to the real possibility of constitutional error." *Moore v. United States*, No. 21-10035, 2021 WL 5827751, at *1 (D.N.J. Dec. 6, 2021). The Petition here plainly meets that standard and, further, it was Respondents who asserted detention was lawful pursuant to *Zadvydas* in their Response. (ECF No. 4, 8–9).

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release in accordance with this Order; and it is further

**ORDERED** that Respondents are hereby permanently enjoined from re-arresting, re-detaining, or otherwise taking Petitioner into custody on the same grounds that are the subject of this Petition; and it is further

**ORDERED** that the Court reserves the right to issue a full written opinion at a later date setting forth its reasoning in greater detail; and it is further

**ORDERED** that Respondents shall show cause as to why, pursuant to the Federal Rules of Civil Procedure and/or this Court's inherent authority, sanctions, including but not limited to reasonable attorneys' fees, should not be imposed for failure to comply with the Court's prior orders of December 8th and December 9th. (ECF Nos. 21, 26). *See* FED. R. CIV. P. 37(b). Respondents' submission shall be filed by December 15, 2025. Any response from Petitioner shall be filed by December 19, 2025. Any reply shall be filed by December 22, 2025. No submission shall exceed ten (10) pages.

*/s/ Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**